IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

AMANDA CRAVEN,

                     Plaintiff,                          OPINION AND ORDER

    v.

                                                  16-cv-53-wmc

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

                     Defendant.

Under 42 U.S.C. § 405(g), *pro se* plaintiff Amanda Craven seeks judicial review from a denial of her application for supplemental security income by the Commissioner of Social Security. Before the court is the defendant's motion to dismiss for lack of subject matter jurisdiction. (Dkt. #10.) Specifically, the defendant contends that a decision dismissing an appeal as untimely is not a "final decision" subject to judicial review under § 405(g). Because Seventh Circuit precedent permits plaintiff to seek review under these circumstances, however, defendant's motion to dismiss will be denied.

BACKGROUND

On August 5, 2010, Craven filed an application for supplemental security income benefits. In her application, Craven provided the address for her appointed guardian, but indicated that her living situation was unstable. She also provided a phone number. According to Craven, an SSA agent advised that she would be notified of the results of her application by telephone. Plaintiff was also apparently told by acquaintances familiar with the process that her application would likely take more than a year to process.

Instead, Craven's application was denied initially on November 12, 2010, for her "failure to cooperate." Apparently, the agency had requested -- via mail -- that plaintiff provide a signed and dated medical release form so that her application could proceed.

Because Craven neither received nor responded to that request, her application was dismissed. According to the Commissioner, a written notice was sent to Craven informing her of this dismissal, but she denies ever receiving that notice as well.

Under applicable regulations, Craven had 60 days to file a request for reconsideration from this notice. Unaware of the notice, and believing that SSA would take much longer to act, Craven not only failed to seek reconsideration within the 60-day deadline, she took *no* additional action on her application for more than a year. In the spring of 2013, when Craven finally called to check on her claim, she was told that it had been denied years ago and that she would need to file a new application. Instead, plaintiff filed a request for review on July 8, 2013, along with a statement arguing that she had good cause for her untimely request. On July 9, 2013, the SSA denied reconsideration, finding no good cause for plaintiff's untimely filed request. The July 9th notice denying reconsideration also advised that Craven could request a hearing, which she did on September 4, 2013.

On March 12, 2014, a hearing was held before an ALJ to consider her arguments as to good cause. On April 8, 2014, however, the ALJ issued an unfavorable decision, finding Craven's request for reconsideration was untimely *and* finding no good cause was established.

On April 25, 2014, Craven filed a request for review of the ALJ's decision with the Appeals Council. On August 9, 2015, the Appeals Council issued a "notice of intent to dismiss plaintiff's request for hearing," offering her 30 more days to send additional evidence or a supplemental statement in support of her claim.

On November 23, 2015, the Appeals Council issued a decision stating that Craven's request for a hearing should not have been granted because she had not shown good cause. The Appeals Council decision also stated that its decision "is final and not subject to further review."

Plaintiff Craven filed this lawsuit on January 21, 2016, seeking review of the decision finding that she lacked good cause for an untimely request for reconsideration of the denial of her 2010 application for benefits. She contends that the agency failed to provide her with notice of its decision against her and that the ALJ failed to adequately develop the factual record at the good cause hearing.

OPINION

The Commissioner moves to dismiss this action on the grounds that this court lacks jurisdiction because no "final decision" was ever issued within the meaning of 42 U.S.C. § 405(g). Under that section, judicial review of decisions by the Commissioner of Social Security is limited "to a particular type of agency action, a 'final decision of the [Commissioner] made after a hearing.'" *Califano v. Sanders*, 430 U.S. 99, 108 (1977) (quoting § 405(g)). Moreover, § 405(g) is the *exclusive* source of federal court jurisdiction for Social Security cases. 42 U.S.C. § 405(h); *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007). Acknowledging that the statute does not define "final decision," the Commissioner points the court to regulations in support of her argument that a "final decision" for purposes of § 405(g) includes only those decisions that are subject to an administrative review process. *See* 20 C.F.R. § 416.1400(a). In particular, defendant points out that the regulations classify certain determinations as "initial determinations," which are, in turn, "subject to administrative and judicial review." *See* 20 C.F.R. § 416.1402. In contrast, defendant again notes, other decisions are "not initial determinations" under the regulations, and thus they are subject only to internal agency review, *not* judicial review. *See* 20 C.F.R. § 416.1403(a). Even more to the point, among the decisions that are *not* initial determinations under the

3

regulations is "[d]enying [a] request to extend the time period for requesting review of a determination or a decision." *Id.* § 416.1403(a)(8).

As the Commissioner further points out, this is exactly the type of decision that plaintiff now wants reviewed: she asks this court to review the Commissioner's determination that she did not show good cause for her untimely request for reconsideration of the dismissal of her 2010 application for benefits. Since the decision to dismiss is not an "initial determination," the defendant argues it could not have resulted in a "final decision" subject to judicial review. Therefore, the Commissioner argues, plaintiff is not entitled to judicial review, and her claim must be dismissed for lack of subject matter jurisdiction.

The Commissioner's argument has some superficial appeal. Certainly, the Supreme Court has acknowledged that not all Commission decisions are subject to judicial review. *See Califano*, 430 U.S. at 108 (holding that agency's decision refusing to reopen a claim for benefits is not subject to judicial review absent a constitutional challenge). The Seventh Circuit also recently confirmed, albeit in an unpublished case, that the agency may designate some findings as not "initial determinations" and therefore not subject to judicial review. *See Alfreds v. Colvin*, 618 Fed. App'x 289, 290 (7th Cir. 2015). Moreover, the type of decision at issue here has been specifically identified as a decision that does not qualify as an "initial determination" for purposes of allowing judicial review under § 405(g). 20 C.F.R. § 416.1403(a)(8).

Even so, the Commissioner's argument also appears in direct conflict with the Seventh Circuit's opinion in *Boley v. Colvin*, 761 F.3d 803 (7th Cir. 2014). In *Boley*, the court considered whether a claimant could seek judicial review of an agency's decision dismissing an untimely request for hearing after denial of her claim for benefits. In that case, the claimant's application for benefits had been denied on the merits, initially and on

4

reconsideration. *Id.* at 804. The claimant then requested a hearing, which would have been the next step in the administrative exhaustion process had she not missed the 60-day deadline for doing so. *Id.* The claimant nevertheless argued that she had good cause for her untimely request, but the ALJ disagreed, finding that she lacked good cause to file an untimely request. *Id.* (citing 20 C.F.R. §§ 404.911, 404.933(c)).

After the claimant sought review of the ALJ's decision in federal court, the district court dismissed her claim on the ground that it lacked subject matter jurisdiction under § 405(g), finding that the ALJ's decision had not been made "after a hearing," as set forth in § 405(g). The Seventh Circuit nevertheless reversed in *Boley*, holding that federal courts had jurisdiction to review a denial of the hearing because the phrase "after a hearing" in § 405(g) "means whatever process the Social Security Administration deems adequate to produce a final decision." *Id.* at 804–05. The Seventh Circuit further explained that "§ 405(g) allows judicial review when a claim has been presented and finally decided." *Id.* at 806.

Applying this reasoning to the claimant in *Boley*, the Seventh Circuit ruled that "she is entitled to judicial review of her contention that the agency mishandled her case," because she "filed a claim for benefits and pursued it as far as the agency permitted." *Boley*, 761 F.3d at 806. The Seventh Circuit reasoned that if the claimant had filed her request for a hearing in a timely manner, there would have been no question that she would have eventually been able to seek judicial review of the underlying denial of benefits. Yet, because her request for review was deemed untimely, the Commissioner argued, as here, that the federal courts lacked subject matter jurisdiction. The Seventh Circuit pointed out, however, that the claimant's argument was that her request for a hearing *was* timely, so long as "good cause" was properly considered. Therefore, the *Boley* court reasoned, it should have jurisdiction to resolve the controversy of whether her failure to file the request for review was timely and, in

5

particular, whether she had good cause for her delay. *Id.* at 807. Accordingly, the court remanded the case for consideration "whether substantial evidence, and appropriate procedures, underlie the decision that Boley lack[ed] 'good cause' for her delay in seeking intra-agency review." *Id.* at 808.

The facts and legal issues in *Boley* are substantially similar to those in this case. In both cases, the agency decided that dismissal of the application of benefits was warranted because the claimant failed to follow the proper administrative procedures and lacked good cause for doing so. And, as in *Boley*, the plaintiff here pursued her case "as far as the agency permitted." *Id.* at 806. Because the ALJ determined that she lacked good cause for her untimely request for reconsideration, and the Appeals Council denied further review of that decision, plaintiff pursued her case as far as the agency allowed and is now "entitled to judicial review of her contention that the agency mishandled her case." *Id.* at 806. S*ee also Davis v. Colvin*, No. 15-CV-610-WMC, 2016 WL 5888670, at *2 (W.D. Wis. Aug. 30, 2016) (applying holding in *Boley* to allow for judicial review of Appeals Council's rejection of request to extend deadline for filing appeal); *Faulker v. Colvin*, No. 1:14-cv-01767-JMS-TAB, 2015 WL 4619838, at *2 (S.D. Ind. July 31, 2015) (same).

The Commissioner argues that the *Boley* decision is distinguishable from the instant case because it did not address the regulations on which the Commissioner relies, which show that no "final decision" was issued by the Commissioner in this case. Certainly, the court agrees that it would have been helpful for the Seventh Circuit to explain how its decision in *Boley* can be squared with the Commissioner's regulations classifying certain actions as not subject to judicial review. That being said, this court must assume that the Seventh Circuit was aware of the regulations, but did not find them to be dispositive, particularly in light of

6

the fact that the Seventh Circuit discussed *Califano v. Sanders*, 430 U.S. 99 (1977), which discusses the regulations.

The Commissioner also argues that the agency has chosen to "narrowly interpreted *Boley* as applying only to situations where an ALJ dismisses an untimely request for a hearing before an ALJ." (Commissioner's Br., dkt. #11, at 4.) (citing Social Security Acquiescence Ruling 16-1(7), 2016 WL 1029286, *3-4 (S.S.A. March 14, 2016). However, nothing about the Seventh Circuit's reasoning in *Boley* provides a basis for distinguishing between a situation in which an ALJ denies a request for a hearing after a finding of no good cause (the situation in *Boley*), from a situation in which the ALJ or Appeals Council dismisses an untimely request for reconsideration after a finding of no good cause (the situation here). Both a request for a hearing and request for reconsideration are required steps in the agency's administrative review process, and the Seventh Circuit's reasoning applies equally to both situations: a claimant is entitled to judicial review if he or she files a claim for benefits and pursues it as far as the agency permits. Finally, whatever the merits of the Commissioner's argument in attempting to distinguish or narrow the Seventh Circuit's decision in *Boley*, this court is bound to apply it. Accordingly, plaintiff is entitled to judicial review.

The remaining question is *what kind* of judicial review. The court in *Boley* limited review to "whether substantial evidence, and appropriate procedures, underlie the decision that Boley lacks 'good cause' for her delay in seeking intra-agency review." *Id.* at 808; *see also Faulkner*, 2015 WL 4619838, at *3. In other words, the judicial action does *not* encompass review of the underlying denial of benefits decision. That same limitation applies here: plaintiff may only seek judicial review of the Commissioner's finding that she lacked good cause to file an untimely request for reconsideration of the denial of benefits.

7

ORDER

IT IS ORDERED that the Commissioner's motion to dismiss (dkt. #10) is DENIED. The parties must adhere to the following briefing schedule to address whether substantial evidence and the appropriate procedures underlie the Commissioner's decision that good cause did not exist for plaintiff's failure to request reconsideration of her 2010 application for benefits: Plaintiff's brief in support is due January 27, 2017; the Commissioner's brief in opposition is due February 17, 2017; plaintiff's brief in reply, if any, is due February 28, 2017.

Entered this 3rd day of January, 2017.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge